UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────
HENRY BENITEZ,

                       Plaintiff,                    9:04-CV-1159
                                                                          (NAM/GHL)

   v.

C.O. GARY HAM, *et al.*,

                              Defendants.
───────────────────────────────────────────
APPEARANCES:                              OF COUNSEL:

HENRY BENITEZ
Plaintiff, *pro se*

HON. ANDREW M. CUOMO              ED J. THOMPSON, ESQ.
Attorney General of the State of New York   SENTA B. SIUDA, ESQ.
Attorney for Defendants

GEORGE H. LOWE, United States Magistrate Judge

**ORDER**

**I.    Proceedings to date**

      This civil rights action was commenced by *pro se* Plaintiff Henry Benitez on October 6, 2004. Plaintiff asserts numerous claims arising out of his confinement at Upstate Correctional Facility, Elmira Correctional Facility, and Five Points Correctional Facility. *See* Dkt. No. 1.

      By prior Order of this Court, Plaintiff's motion to compel discovery was granted, and Defendants were directed to respond, by June 1, 2007, to Plaintiff's First Set of Interrogatories to Defendant Bezio, a Request to Enter upon Property for Inspection and Photographing ("Request to Enter"), and Requests to Defendants for Production of Documents. Dkt. No. 52 (the "May Order"). *See* Dkt. No. 51 at 2-3. Defendants were further directed to advise the Court in writing regarding the status of discovery in this matter no later than June 17, 2007. *Id.* at 2.

      Presently before this Court is a motion from Plaintiff seeking an award of sanctions. Dkt.

No. 56.¹  Plaintiff states that as of June 13, 2007, "Defendants and their counsel have not complied with the Court's May 2 Order." *Id*. at 9.  Plaintiff seeks an order of this Court vacating the Defendants' answer and entering a judgment of default against Defendants and in favor of Plaintiff. *Id*. at 10.

Defendants' counsel responded in opposition to Plaintiff's motion.  Dkt. No. 57.  Counsel states that the Request to Enter was denied by letter dated June 1, 2007, and that a response to the First Set of Interrogatories was served on Plaintiff on June 12, 2007.  Counsel makes no reference to Plaintiff's Request for Documents, but states that Defendants' failure to provide the required status report was "an oversight."  *Id.*

In reply, Plaintiff states that he did not receive either discovery response until July 19, 2007, when he received Defendants' papers in opposition to his motion for sanctions.  Dkt. No. 58 at 3-4.  Plaintiff further states that neither the June 1, 2007 letter nor the June 12, 2007 interrogatory responses received by him on July 19, 2007 was accompanied by a certificate of service, and notes that the interrogatory responses were not signed by defendant Bezio or by counsel.²  Plaintiff also notes that Defendants' papers make no mention of Plaintiff's Request for Documents, to which he received no response.

**II.    Discussion**

District courts have broad discretion to enforce discovery obligations and "to impose

---

¹ At all times relevant hereto, Assistant Attorney General Ed J. Thompson was counsel of record for the Defendants.  Assistant Attorney General Senta B. Siuda entered her appearance as counsel for the Defendants on September 18, 2007.  Dkt. No. 61.

² A certificate of service of the interrogatory responses was submitted with Defendants' motion papers; however, that document is dated July 16, 2007, more than one month after the stated date of service.  Dkt. No. 57-4.

sanctions for failure to comply with its orders pursuant to Rule 16(f) and 37(a)(2)(A)." *Rouson v. Eicoff*, No. 04-CV-2734, 2007 WL 1827422 * 9 (E.D.N.Y. June 25, 2007) (citations omitted). Failure to comply with discovery orders may warrant the imposition of monetary sanctions and, in certain circumstances, the court may "use the extreme sanction of a default judgment." *United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990); FED.R.CIV.P. 37 (d).  However, "dismissal with prejudice is a harsh remedy to be used only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the [defaulting party]." *See Mercado v. Division of New York State Police*, 989 F.Supp. 521, 524 (S.D.N.Y. 1998).  A single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal.  *See Aldeco, supra*, 917 F.2d at 690.

There is no question but that Defendants failed to timely comply with the May Order, and that this failure is unexcused.  In addition, as discussed below, the discovery responses provided to Plaintiff are insufficient in various respects and, moreover, demonstrate an ongoing disregard by counsel for the Federal Rules of Civil Procedure and the Local Rules of Practice of the Northern District.

**(a) Request to Enter**

By his Request to Enter, Plaintiff sought to obtain thirty-five (35) photographs of various areas at Elmira Correctional Facility and Upstate Correctional Facility, and the van in which he was transported from Upstate to Five Points Correctional Facility in January, 2003.[3]  In addition, Plaintiff sought photographs of a "face mask" similar to that used on him in January, 2003,

---

[3] The Request to Enter was submitted in support of Plaintiff's motion to compel.  *See* Dkt. No. 51 at 14-16.

3

"nutriloaf", and "raw cabbage." *Id*. at 16. Plaintiff requested that he be transported to Elmira to take the photographs and that Defendants provide him with a camera and film. Dkt. No. 51 at 14-15.

Defendants' counsel responded to this request by letter, stating that the request to take photographs at Elmira "must be denied in that such would compromise the safety and security of the facility." Dkt. No. 57-2. In opposition to Plaintiff's motion for sanctions, Defendants' counsel asserts that "[p]hotographs of any instrumentality at Elmira Correctional Facility is [sic] not germane to any issue before this Court." Dkt. No. 57 at 2.

There is no provision in the Federal Rules of Civil Procedure or the Local Rules of Practice of the Northern District of New York which authorizes counsel to respond to discovery requests by a letter of general denial. Rule 26.1 of the Local Rules of Practice of the Northern District provides as follows:

> The parties shall number each interrogatory or request sequentially, regardless of the number of sets of interrogatories or requests. In answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, the responding party shall first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection.

L.R. 26.1. See also L.R. 10.1 (Form of Papers). Defendants' response is not in proper form.

The substance of Defendants' response is also patently insufficient. Discovery may not be denied on the basis of an unsubstantiated assertion by counsel that disclosure of requested information might impair facility security. Rather, in order to counter the strong federal policy of disclosure of relevant information, defendants must make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1998). The required threshold showing may be in the form of a

declaration of a responsible official who is neither a defendant nor an attorney for a defendant after independent review of the requested materials. *See Melendez v. Greiner*, 2003 WL 22434101 * 5 (S.D.N.Y. 2003) (citing cases).

Counsel's claim that Plaintiff's request "would compromise the safety and security of [Elmira]" is unexplained and unsupported. While the Court is sensitive to concerns for institutional safety and security, the mere utterance of those words is not sufficient to deny discovery. Moreover, Defendants did not make any response to Plaintiff's request for photographs of certain areas at Upstate Correctional Facility, a transport van, a face mask, "nutriloaf", and "raw cabbage".

Based upon the foregoing, the Court finds that Plaintiff is entitled to sanctions for Defendants' failure to comply with the May Order and with their discovery obligations in this action. In fashioning relief, the Court is mindful that "Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply [with discovery]." *Dimensional Sound, Inc. v. Rutgers University*, 1996 WL 11244 * 3 (S.D.N.Y. Jan. 10, 1996).

Upon due consideration, the Court finds that Plaintiff is entitled to the thirty-five photographs requested in the Request to Enter.[4] However, the Court declines to direct that Plaintiff be permitted to take the photographs and instead directs Defendants to do so and to provide the photographs to Plaintiff. Defendants shall provide the camera and film and shall bear all costs associated with this direction.

**(b) Interrogatories to Defendant Bezio**

The May Order directed that a response to Plaintiff's First Set of Interrogatories to

---

[4] As noted, Plaintiff seeks photographs of various locations at Elmira Correctional Facility and Upstate Correctional Facility, and also seeks photographs of a transport van, a face mask, "nutriloaf" and "raw cabbage". See Dkt. No. 51 at 14-16.

Defendant Bezio be served on Plaintiff by June 1, 2007. Dkt. No. 52. The response provided on behalf of Defendant Bezio was not timely served on Plaintiff. Moreover, the discovery response was not signed by Defendant Bezio or his counsel in accordance with Rule 33(b) of the Federal Rules of Civil Procedure.[5] Rule 33(b)(2) states that "[t]he answers are to be signed by the person making them and the objections signed by the attorney making them." Fed.R.Civ.P. 33. Plaintiff has not specifically objected to the sufficiency of Defendant Bezio's responses.

Accordingly, a properly signed Response to Interrogatories shall be served on Plaintiff and filed with the Court.

**(c) Request for Documents**

The third outstanding discovery request which was the subject of Plaintiff's motion to compel and the Court's May Order was a Request for the Production of Documents. Defendants were afforded thirty days in which to respond to this discovery request. Dkt. No. 52 at 2.

By his motion for sanctions, Plaintiff states that Defendants failed to timely respond to the Request. Regrettably, counsel's response in opposition to the motion for sanctions makes no reference to Plaintiff's Document Requests and this failure to comply with the Court's Order is also unexplained and unexcused.

The Court has reviewed Plaintiff's Document Request and, with the exception of request number 10, which calls for the production of "the personal employment file" of each Defendant, directs Defendants to provide plaintiff with copies of all responsive documents at no cost to

---

[5] There is some question whether the response was served on June 12, 2007 or on July 17, 2007, when Defendants responded in opposition to Plaintiff's motion for sanctions. Plaintiff states that he did not receive the Interrogatory Response until July 19, 2007. Dkt. No. 58 at 3-4. Defendants dispute that claim, but apparently admit that the Interrogatory Response was not supported by a certificate of service. See Dkt. No. 57 at 2.

plaintiff. All objections are waived.

### III. Conclusion

For the reasons set forth herein, the Court grants Plaintiff's Motion for Sanctions, and awards Plaintiff the relief specified above. The Court declines to enter a default judgment against the Defendants, finding that the failure to timely comply with the May Order and to comply with the Federal Rules of Civil Procedure and the Local Rules of this District are not attributable to any bad faith or fault on the part of the individual Defendants.

Defendants are afforded thirty (30) days in which to comply with this Order.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's motion for sanctions (Dkt. No. 56) is **granted in part and denied in part** as set forth above. Defendants are afforded **thirty (30) days** in which to comply with this Order, and it is further

ORDERED, that Defendants' counsel advise the Court in writing of Defendants' compliance with the terms of this Order **within forty-five (45) days** of the filing date of this Order, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: October 3, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge