**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY BENITEZ,**

                **Plaintiff,**

       **v.**                                      **9:04-CV-1159**

**HAM, et al.,**

                **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

HENRY BENITEZ
97-A-2553
Upstate Correctional Facility
P.O. Box 2000
2309 Bare Hill Road
Malone, New York 12953
Counsel for Plaintiff

HON. ANDREW M. CUOMO              TIMOTHY P. MULVEY, ESQ.
Attorney General for the State of New York
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Counsel for Defendants

**NORMAN A. MORDUE, CHIEF U. S. DISTRICT JUDGE**

### ORDER

The above matter comes to me following a Report-Recommendation by Magistrate Judge George H. Lowe, duly filed on the 30th day of September 2009. Following ten days from the service thereof, the Clerk has sent me the file, including any and all objections filed by the parties herein.

After careful review of all of the papers herein, including the Magistrate Judge's Report-Recommendation, and no objections submitted thereto, it is

ORDERED that:

1.  The Report-Recommendation is hereby adopted in its entirety.

2.  Defendants' motion for summary judgment (Dkt. No. 92) is GRANTED IN PART AND DENIED IN PART.  The following claims are dismissed pursuant to Defendants' motion for summary judgment: (1) the Eighth Amendment claims against Defendants Weissman and Richards arising from their treatment of Plaintiff's severe body itch, left wrist, and right ankle; (2) the claims against Defendant Ham; (3) the claims against Defendants Brousseau and Donelli for their handling of Plaintiff's grievance regarding Defendant Ham; (4) the retaliation claim against Defendants Nephew, Desotelle, and Snyder based on their filing of misbehavior reports against Plaintiff; (5) the claims against Defendants Brousseau, Donelli, Girdich, and Eagen regarding their handling of Plaintiff's grievances regarding the events of January 2 and 3, 2003; (6) the claim against Defendant LaClair; (7) the claims against Defendant Bullis; and (8) the Eighth Amendment claim against Defendants Weissman and Girdich for approving the imposition of the loaf diet.

It is further ordered that the following claims are dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B): (1) Plaintiff's retaliation claim against Defendants Weissman and Richards; and (2) the claim against Defendant Selsky.

It is further ordered that the following claims survive summary judgment and sua sponte review and proceed to trial: (1) the conspiracy claim against Defendants Wright, Snyder, and Duprat; (2) the excessive force claim against Defendants Snyder, Duprat, Bogett, and Wright; (3) the retaliation claim against Defendants Snyder, Duprat, Bogett, and Wright arising from the use of excessive force; (4) the retaliation claim against Wright arising from his filing of a

misbehavior report against Plaintiff; (5) the failure to intervene claims against Defendants Bezio and Duprat; (6) the retaliation claim against Defendant Bezio; and (7) the Eighth Amendment claims against Defendants Hensel, Goodwin, Kuhlman, and Costello.

3. The Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated: October 21, 2009
   Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge